**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

|  |  |  |
|---|---|---|
| FRANCISCO JARAMILLO | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | C.A. No.  1:17-cv-00114 |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER OF DEFENDANT WELLS FARGO BANK, N.A.**
**TO PLAINTIFF'S COMPLAINT**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") answers Plaintiff's Complaint by denying each and every allegation not specifically admitted herein and further responds as follows:

1. Upon information and belief, Wells Fargo admits that Plaintiff owns the Property. Wells Fargo is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 1.

2. Upon information and belief, admitted.

3. The allegations contained in Paragraph 3 refer to a recorded loan document that speaks for itself.  Wells Fargo denies any allegations inconsistent therewith.

4. Wells Fargo admits the allegations contained in Paragraph 4.

5. Wells Fargo admits the allegations contained in Paragraph 5.

6. Denied, as of the date of this Answer no foreclosure sale is scheduled.

7. Wells Fargo denies the allegations contained in Paragraph 7.

8. The allegations contained in Paragraph 8 refer to a recorded loan document and federal regulations that speak for themselves. Wells Fargo denies any allegations inconsistent therewith. Answering further, the allegations include legal conclusions to which no response is required. To the extent a response is required, Wells Fargo denies the allegations.

9. The allegations of Paragraph 9 contain legal conclusions to which no response is required. To the extent a response is required, the allegations refer to a recorded loan document that speaks for itself. Wells Fargo denies any allegations inconsistent therewith.

10. The allegations of Paragraph 10 contain legal conclusions to which no response is required. To the extent a response is required, the allegations refer to a recorded loan document that speaks for itself. Wells Fargo denies any allegations inconsistent therewith.

11. The allegations of Paragraph 11 contain legal conclusions to which no response is required. To the extent a response is required, the allegations refer to a recorded loan document that speaks for itself. Wells Fargo denies any allegations inconsistent therewith.

12. Wells Fargo denies the allegations contained in Paragraph 12.

13. Wells Fargo denies the allegations contained in Paragraph 13.

14. Wells Fargo denies the allegations contained in Paragraph 14 based upon the meaning of "branch office."

15. Wells Fargo is presently without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint.

16. Wells Fargo is presently without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint.

17. Wells Fargo denies the allegations contained in Paragraph 17.

18. The allegations contained in Paragraph 18 contain legal conclusions to which no response is required. To the extent a response is required, Wells Fargo denies the allegations.

19. The allegations contained in Paragraph 19 refer to a recorded loan document and federal regulations that speak for themselves. Wells Fargo denies any allegations inconsistent therewith.

20. Wells Fargo is presently without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20.

21. The allegations of Paragraph 21 contain legal conclusions to which no response is required. To the extent a response is required, Wells Fargo denies the allegations.

## COUNT I

22. Wells Fargo incorporates by reference its responses to the allegations contained in Paragraphs 1 – 21 as if fully set forth herein.

23. The allegations of Paragraph 23 contain legal conclusions to which no response is required. To the extent a response is required, the allegations refer to a recorded loan document that speaks for itself. Wells Fargo denies any allegations inconsistent therewith.

24. Wells Fargo denies the allegations contained in Paragraph 24.

25. Wells Fargo denies the allegations contained in Paragraph 25.

26. Wells Fargo is presently without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26.

27. Wells Fargo is presently without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27.

28. Wells Fargo denies the allegations contained in Paragraph 28.

29. The allegations contained in Paragraph 29 contain legal conclusions to which no response is required. To the extent a response is required, Wells Fargo denies the allegations.

30. The allegations contained in Paragraph 30 refer to a recorded loan document that speaks for itself. Wells Fargo denies any allegations inconsistent therewith. Answering further, the allegations include legal conclusions to which no response is required. To the extent a response is required, Wells Fargo denies the allegations.

31. Wells Fargo denies the allegations contained in Paragraph 31.

32. The allegations of Paragraph 32 contain legal conclusions to which no response is required. To the extent a response is required, Wells Fargo denies the allegations.

33. Wells Fargo denies the allegations contained in Paragraph 33.

34. Wells Fargo denies the allegations contained in Paragraph 34.

35. Wells Fargo denies the allegations contained in Paragraph 35.

## COUNT II

36. Wells Fargo incorporates by reference its responses to the allegations contained in Paragraphs 1 – 35 as if fully set forth herein.

37. The allegations contained in Paragraph 37 refer to a recorded loan document that speaks for itself. Wells Fargo denies any allegations inconsistent therewith. Answering further, the allegations include legal conclusions to which no response is required. To the extent a response is required, Wells Fargo denies the allegations.

38. The allegations contained in Paragraph 38 refer to a recorded loan document that speaks for itself. Wells Fargo denies any allegations inconsistent therewith. Answering further, the allegations include legal conclusions to which no response is required.

39. The allegations of Paragraph 39(a) - (d) contain legal conclusions to which no response is required. To the extent a response is required, the referenced documents and Rhode Island statutory provisions speaks for themselves. Wells Fargo denies any allegations inconsistent therewith.

40. Wells Fargo denies the allegations contained in Paragraph 40.

41. The allegations of Paragraph 41 contain legal conclusions to which no response is required. To the extent a response is required, Wells Fargo denies the allegations.

42. Wells Fargo denies the allegations contained in Paragraph 42 of the Complaint.

48. Wells Fargo denies the allegations contained in Paragraph 48 of the Complaint.[1]

## COUNT III

49. Wells Fargo incorporates by reference its responses to the allegations contained in Paragraphs 1 – 48 as if fully set forth herein.

50. The allegations of Paragraph 50 contain legal conclusions to which no response is required. To the extent a response is required, Wells Fargo denies the allegations.

51. The allegations of Paragraph 51 contain legal conclusions to which no response is required. To the extent a response is required, Wells Fargo denies the allegations.

52. The allegations of Paragraph 52 contain legal conclusions to which no response is required. To the extent a response is required, Wells Fargo denies the allegations.

53. Wells Fargo is presently without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of the Complaint.

54. The allegations of Paragraph 54 contain legal conclusions to which no response is required. To the extent a response is required, Wells Fargo denies the allegations.

---

[1] The numbering in the Complaint skips from Paragraph 42 to Paragraph 48, continuing in sequence from Paragraph 48 to Paragraph 58. For convenience, the Answer tracks the numbering of the Complaint paragraphs.

55. The allegations of Paragraph 55 contain legal conclusions to which no response is required. To the extent a response is required, Wells Fargo denies the allegations.

56. The allegations of Paragraph 56 contain legal conclusions to which no response is required. To the extent a response is required, Wells Fargo denies the allegations.

57. Wells Fargo denies the allegations contained in Paragraph 57.

58. Wells Fargo denies the allegations contained in Paragraph 58.

Wells Fargo denies that Plaintiff is entitled to any of the relief sought in any paragraph beginning with "WHEREFORE."

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint should be dismissed for insufficient service of process.

### Second Defense

The Complaint should be dismissed for insufficient process.

### Third Defense

Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, ratification, and unclean hands.

### Fourth Defense

The Complaint and each of the causes of action are barred, in whole or in part, because Plaintiff has failed to mitigate his alleged damages.

### Fifth Defense

The Complaint and each of the causes of action are barred, in whole or in part, because any alleged acts or failure to act on the part of Wells Fargo were excused by the actions of

Plaintiff or others.

### Sixth Defense

Plaintiff, by his knowledge, statements, and/or conduct, has consented and/or acquiesced to the alleged acts and/or omissions of Wells Fargo described in the Complaint.

### Seventh Defense

The claims in the Complaint are subject to set-off of all sums due and owing by Plaintiff.

### Eighth Defense

The Complaint and each of the causes of action are barred, in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

### Ninth Defense

Plaintiff's claims against Wells Fargo are barred, in whole or in part, by the doctrines of contributory and/or comparative negligence.

### Tenth Defense

Plaintiff's claims against Wells Fargo are barred because the alleged injuries and damages were caused by the intervening and superseding actions of Plaintiff and/or third persons.

### Eleventh Defense

The Complaint fails to state a claim upon which relief can be granted.

WHEREFORE, Wells Fargo respectfully requests that the Court (1) dismiss Plaintiff's Complaint with prejudice, (2) enter judgment in favor of Wells Fargo and against Plaintiff on all counts of the Complaint, (3) award Wells Fargo its costs and expenses, including, without limitation, its attorneys' fees, incurred in this action, and (4) grant such other relief as the Court deems just and proper.

        Respectfully submitted,

        WELLS FARGO BANK, N.A.,

        By its counsel,

        */s/ David E. Fialkow*
        David. E. Fialkow (Bar No. 9318)
        david.fialkow@klgates.com
        Edward J. Mikolinski (Bar No. 9035)
        edward.mikolinski@klgates.com
        K&L GATES LLP
        State Street Financial Center
        One Lincoln Street
        Boston, MA  02111
        Telephone:  617.261.3100
        Facsimile:  617.261.3175

Dated:  March 31, 2017

## CERTIFICATE OF SERVICE

    I, David E. Fialkow certify that the foregoing filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this 31st day of March 2017.

        */s/ David E. Fialkow*
        David E. Fialkow